IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELISIA DEGRAFFREED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:24-cv-02230-SHL-atc |
| CITY OF MEMPHIS, | ) ) ) |
| Defendant. | ) ) |

**ORDER DENYING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S FRCP 30(b)(6) DEPOSITION OF DEFENDANT**

Before the Court is Defendant City of Memphis' ("Defendant" or "COM") Motion to Quash Plaintiff's FRCP 30(b)(6) Deposition of Defendant, filed March 12, 2025. (ECF No. 87.) Plaintiff Delisia Degraffreed responded on March 13, 2025. (ECF No. 89.) For the following reasons, the Motion is **DENIED**.

**BACKGROUND**

Plaintiff brings claims for interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") against Defendant, her former employer. (ECF No. 57.) The suit alleges that Defendant improperly denied Plaintiff's FMLA leave and wrongfully terminated her. (See id.) On February 4, 2025, Plaintiff noticed the Rule 30(b)(6) deposition of a corporate representative, including thirty-two areas of testimony for the corporate designee(s). (ECF No. 89-1.) In response, Defendant filed this Motion to Quash, asserting twenty-four objections. (ECF No. 87 at PageID 524–29.) Plaintiff argues that Defendant's objections lack legal support and are meritless. (ECF No. 89 at PageID 535.) If the Court denies Defendant's Motion, Plaintiff requests attorney's fees. (ECF No. 89 at PageID 534 n.1.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Rule 30(b)(6) provides for discovery from corporate representatives speaking on behalf of the corporation or entity.  Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019) (internal citation omitted).  "An organization that is served with a notice for a Rule 30(b)(6) deposition is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation."  Jones v. Varsity Brands, LLC, No. 20-cv-2892-SHL-tmp, 2022 WL 1785278, at *5 (W.D. Tenn. June 1, 2022) (quoting Adkisson v. Jacobs Eng'g Grp., Inc., No. 3:13-CV-505-TAV-HBG, 2021 WL 1685955, at *4 (E.D. Tenn. Feb. 3, 2021)).  The witness must "be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation."  White v. Wal-Mart Stores E., L.P., No. 518CV00034TBRLLK, 2018 WL 5083891, at *3 (W.D. Ky. Oct. 18, 2018) (internal citations omitted).

Courts have ample discretion in the discovery process, including the power to quash a deposition notice that creates an undue burden or is not proportional to the needs of the case.  See Edwards, 331 F.R.D. at 121–22.  When a motion to quash is filed, the party requesting discovery must demonstrate how the information sought is relevant.  Jones, 2022 WL 1785278, at *5 (internal citation omitted).  However, the party seeking to quash the request must then demonstrate why the request is out of proportion.  See id.  Critical here, boilerplate objections that use terms such as "undue burden," or "overly broad" "as if the very terms were self-proving" are insufficient objections to discovery requests.  Graves v. Standard Ins. Co., No. 3:14-

CV-558-DJH, 2015 WL 13714339, at *9 (W.D. Ky. May 22, 2015).  Rather, as for the "undue burden" objection, courts consider whether the discovery sought is "proportional" to the needs of the case, examining "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The party challenging the proportionality of discovery must make its case with "specificity."  Jones, 2022 WL 1785278, at *5 (internal citation omitted).

When served with a Rule 30(b)(6) notice, a corporation cannot typically object because there has been prior deposition testimony on a topic.  Jones, 2022 WL 1785278, at *5 (internal citations omitted).  But a corporation can demonstrate that a record is fully developed such that the topic is "unreasonably duplicative and cumulative."  Id. (quoting Edwards, 331 F.R.D. at 121).

## ANALYSIS

Defendant argues that twenty-four of the designated matters "are overly broad, vague, irrelevant, ambiguous, and duplicative, and the 30(b)(6) deposition would be overly burdensome."  (ECF No. 87 at ¶ 9.)  Defendant also lodges more specific objections directed at aspects of the topics listed.  (Id. at PageID 525–29.)  As for the general objections, they are **DENIED** as impermissible boilerplate objections.  See Green v. Platinum Restaurants Mid-America, LLC, No. 3:14-CV-439-GNS, 2017 U.S. Dist. LEXIS 237096, at *56 (W.D. Ky. Oct. 23, 2017) (rejecting "boilerplate objections" in a Rule 30(b)(6) context).  As for the specific objections, each is addressed below.  To avoid repetition, similar objections are grouped together, with reference to the numbered topics to which the objection was lodged.

3

Two general comments. First, unfortunately, in response to several topics, Defendant contends that ordinary words are "vague." (See ECF No. 87 at PageID 525–29.) As highlighted below, particularly in the context of this employment case, Defendant's position makes no sense. Second, Defendant asserts several baseless objections, including, for example, that the attorney-client privilege and work product doctrine prevent testimony regarding Defendant's basis for terminating Plaintiff's employment in this wrongful termination case. (See, e.g, ECF No. 87 at PageID 526–28.) Such baseless objections have no place in litigation today.

**Objection 1 (Requests 1 and 5): Relevant Time Period**

Defendant argues at one point that the relevant time period is August 1, 2023–January 23, 2024 (ECF No. 87 at PageID 525), and, at another point, that it should be Plaintiff's last two years spent working for Defendant (id. at PageID 526). As Defendant knows, however, a relevant time period for purposes of discovery is often broader than an actual recovery period or even when the particular acts at issue took place. Plaintiff has explained why the time periods in these requests are relevant (see ECF No. 89 at PageID 536, 538), and Defendant has not met its burden to show that information from these time periods is not proportional to the needs of the case. These objections are **DENIED**.

**Objection 2 (Requests 2, 3, and 19): Home Addresses**

Plaintiff has made this objection easy to address. While arguing that she is entitled to this information, she agrees to not seek it by stating (for Requests 2 and 3) that she "does not believe a disagreement exists," assuming the other information sought by these requests is provided. (See ECF No. 89 at PageID 536–37.) The Court assumes she takes the same position as to Request 19. Given that position, this objection is **DENIED AS MOOT**.

**Objection 3 (Requests 4, 25, and 29):  Job Duties, Policies Related to Plaintiff's Job Duties, and Others Who Performed Her Job Duties When She Was on Leave**

In a wrongful termination case, the argument that requests for a plaintiff's job duties (including changes), policies/documents that relate to those duties and others who filled in for the plaintiff are objectionable is, frankly, ridiculous.  The phrase "changes to those duties" (see ECF No. 87 at PageID 526) is not ambiguous or undefined, nor is the phrase, "any documents and/or policies" (see id.) vague and undefined.  Rather, these are ordinary phrases frequently used in litigation, particularly employment cases.  Therefore, Defendant's objections are **DENIED**.

**Objection 4 (Request 6):  Salary and Benefits Information**

After asserting the improper boilerplate objections, Defendant argues that Plaintiff's salary and benefits are not at issue and that Plaintiff should have this information in her possession or seek it in written discovery.  (ECF No. 87 at PageID 526.)  Plaintiff responds that this information is straightforward, "easily retrievable," and relevant to Plaintiff's wage-based claims and calculations.  (ECF No. 89 at PageID 538.)  Additionally, Plaintiff questions Defendant's right to tell her how to litigate her case.  (Id.)

Understanding wages and benefits are essential to wage-related damages, which Plaintiff is seeking here, and Defendant's attempt to dictate how Plaintiff handles this case is not well taken.  Defendant's objection to this request, which has no foundation, is **DENIED**.

**Objection 5 (Requests 8, 9, 10, 11, 17, 19, 27, and 28):  Defendant's Bases for Termination and Denial of Leave, Those who Participated in Both Decisions and Their Roles, and the Factual Predicate for the Conclusion that Plaintiff Participated in Conduct that Led to Her Termination**

In addition to the inappropriate "attorney-client privilege and the word product doctrine" objection lodged here, Defendant contends that the "basis for termination" is vague and lacks

5

reasonable particularity. (ECF No. 87 at PageID 526–29.) These objections defy logic in this employment matter, and are **DENIED**.

In addition, Defendant argues that, because it used a Third Party Administrator to oversee requests for leave, the word "denied" in Request 11 is "vague." (ECF No. 87 at PageID 527.) But Defendant cannot shift blame for not answering a question regarding one of its employment decisions onto a third party. Even if Defendant outsourced parts of its employment operations, it is unfathomable to believe that it cannot offer insight into the results of Plaintiff's FMLA request. Defendant's attempt to skirt around offering this documentation lacks merit and is thus **DENIED**.

**Objection 6 (Requests 12, 13, and 14): Victoria Washington**

Defendant argues that these requests are beyond the scope, irrelevant, and not proportional because Victoria Washington is not a party (ECF No. 87 at PageID 527), yet, as Plaintiff points out, Defendant also contends that Plaintiff engaged in policy violations with Ms. Washington which led to Plaintiff's termination (ECF No. 89 at PageID 540). A person does not have to be a party to litigation for information related to them to be relevant, and, here, Defendant has made Ms. Washington relevant. The information sought relates directly to the alleged role Ms. Washington played related to Plaintiff's termination. These objections are **DENIED**.

**Objection 7 (Requests 20, 22, 24, 26, and 30): Policies, Procedures, Rules and Controls**

These requests all relate to the way in which Defendant's relevant employment practices operated. (See ECF No. 87 at PageID 528–29.) To object to these requests in an employment case is, to be generous, curious. These objections are not well taken and are **DENIED**.

6

## CONCLUSION

Defendant fails to meet its burden in objecting to these Rule 30(b)(6) requests. The arguments offered here are devoid of merit, specificity, precision, and supportive case law. Moreover, Defendant cannot dictate how Plaintiff must pursue her case.

For these reasons, Defendant's Motion is **DENIED** and Defendant is **ORDERED** to comply with Plaintiff's Rule 30(b)(6) deposition notice. The parties are reminded that all discovery must be completed by March 31, all dispositive motions must be filed by close of business on April 4, and no extension will be granted absent <u>extreme</u> circumstances. (<u>See</u> ECF No. 86.) Any request for attorney's fees by Plaintiff must be done by separate motion.

**IT IS SO ORDERED,** this 18th day of March, 2025.

                                                  s/ Sheryl H. Lipman
                                                  SHERYL H. LIPMAN
                                                  CHIEF UNITED STATES DISTRICT JUDGE