## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DELISIA DEGRAFFREED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02230-SHL-atc |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING AS MOOT DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES AND DEEM ITS SECOND SET OF REQUESTS FOR ADMISSIONS ADMITTED

Before the Court is Defendant City of Memphis's Second Motion to Compel Discovery Responses and Deem Its' Second Set of Requests for Admissions Admitted (ECF No. 80), filed February 4, 2025.  Plaintiff Delisia Degraffreed responded in opposition on February 18.  (ECF No. 81.)  While Defendant was granted permission to file a Reply, it declined to do so.  As discussed below, Defendant's Motion is **DENIED AS MOOT**.

On December 3, 2024, Plaintiff filed her Second Amended Complaint for Damages, adding a FMLA termination claim after Defendant terminated her while this case was pending. (ECF No. 57.)  Following a December 6 hearing, the Amended Scheduling Order was entered, including new deadlines guiding the discovery process.  (ECF No. 67.)

On December 31, Defendant served Plaintiff with its Second Set of Written Discovery Requests.  (ECF No. 80-2.)  It filed this Motion on February 4, 2025, arguing that Plaintiff failed to respond to Defendant's requests and Defendant could not prepare for Plaintiff's deposition. (ECF No. 80.)  Defendant contends that, because of Plaintiff's new wrongful termination claim and the lack of discovery responses with such close proximity to Plaintiff's deposition, not

granting the Motion would cause prejudice.  (Id. at ¶ 32.)  It requests reasonable attorney fees and costs related to filing the Motion, as well as sanctions.  (Id. at ¶¶ 30, 33.)

Minutes after Defendant filed its Motion, Plaintiff filed her discovery responses.  (ECF Nos. 81, 81-1.)  Plaintiff argues in her response to Defendant's Motion, filed fourteen days later, that the parties worked together to have a mutually agreeable deposition schedule and that, because she has now responded to Defendant's discovery requests, the Motion is moot.  (ECF No. 81 at PageID 504–05.)

Under Federal Rule of Civil Procedure 37(a), a party seeking to compel discovery must prove that it sought discovery and did not successfully obtain it.  See Johnson v. Villard, No. 4:22-CV-01092, 2023 WL 8452386, at *1 (N.D. Ohio Dec. 6, 2023) (citing McDermott v. Cont'l Airlines, Inc., 339 F. App'x 552, 560 (6th Cir. 2009)).  However, according to Plaintiff, Defendant has now obtained the sought-after discovery, which it received minutes after the Motion was filed.  While no party should have to file a motion to obtain delinquent discovery responses, and Plaintiff is admonished for forcing such action, the ultimate goal of getting those responses has now been achieved.  Therefore, this Motion is **DENIED AS MOOT** and sanctions will not be awarded.  If Defendant wishes to pursue attorney's fees and costs, it must file a separate motion within one week of the entry of this Order.

Yet again, the parties are reminded to communicate, treat this litigation seriously, and work together to meet deadlines.

**IT IS SO ORDERED,** this 18th day of March, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE