IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELISIA DEGRAFFREED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02230-SHL-atc |
| ) | |
| CITY OF MEMPHIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21 TO DISMISS, WITHOUT PREJUDICE, HER FMLA RETALIATORY DISCHARGE CLAIM**

Before the Court is Plaintiff Delisia Degraffreed's Motion Pursuant to Federal Rule of Civil Procedure 21 to Dismiss, Without Prejudice, Her FMLA Retali[a]tory Discharge Claim, filed April 3, 2025. (ECF No. 94.) Defendant City of Memphis responded on April 16, 2025. (ECF No. 112.) For the reasons described below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed her First Amended Complaint for Damages on April 11, 2024, bringing claims against Defendant, her employer, for interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"). (ECF No. 2.) She was subsequently terminated from her role with Defendant on September 17, 2024, and moved to add an FMLA wrongful discharge/retaliation claim on October 4, 2024. (ECF No. 37.) The Court granted Plaintiff's Motion on November 19, 2024 (ECF No. 50), and she filed the Second Amended Complaint on December 3, 2024 (ECF No. 57).

On December 6, 2024, after the filing of the Second Amended Complaint, the deadlines previously set were extended as follows: discovery completion—February 28, 2025, and

dispositive motions deadline—March 28, 2025. (ECF No. 67.) And, after a hearing on March 7, 2025, further extensions were granted, moving the close of discovery to March 31, 2025 and the dispositive motion deadline to April 4, 2025. (ECF No. 86.) A jury trial is currently scheduled for July 21, 2025. (ECF No. 68.)

Meanwhile, on September 17, 2024, the date of her termination, Plaintiff appealed her termination to the City of Memphis Civil Service Commission. (ECF No. 112-2.) The judicial commissioner in her civil service proceeding set a May 13, 2025 hearing date. (ECF No. 94 at PageID 578.) According to Defendant, the Civil Service Commissioner set that hearing date on February 28, 2025. (ECF No. 112 at PageID 1700.) Because Plaintiff "cannot obtain a double recovery," she now moves to dismiss her FMLA retaliatory discharge claim without prejudice under Rule 21. (ECF No. 94 at PageID 578.)

**ANALYSIS**

Plaintiff argues that dismissal of her FMLA claim without prejudice is appropriate because her request was made nearly three months before the start of trial, Defendant will not be prejudiced by defending one, instead of two, claims at the trial, and she filed this Motion before any summary judgment motions were pending. (ECF No. 94 at PageID 578–79.) Defendant responds that Plaintiff's request would result in "plain legal prejudice" and, if voluntary dismissal without prejudice is granted, the Court should award Defendant's costs for the work expended in defending the FMLA retaliation claim. (ECF No. 112 at PageID 1699–1706.)

Rule 21 is "the procedural vehicle for dropping fewer than all the claims or parties." Espinosa v. First Advantage Background Servs. Corp., 343 F.R.D. 414, 415 (S.D. Ohio 2023) (internal citations omitted). Under Rule 21, a court can "sever any claim against a party," by way of motion or on its own. "'[C]ourts consider whether allowing withdrawal would be unduly

2

prejudicial to the nonmoving party'" when assessing a Rule 21 motion to dismiss. Henderson-Thompson v. Jardoin, No. 2:22-cv-2013, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022) (quoting Arnold v. Heyns, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015)). To assess this prejudice,

> courts determine whether the nonmoving party will suffer "plain legal prejudice" from the dismissal by considering the following factors: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on plaintiff's part in prosecuting the case," (3) "insufficient explanation for the need for dismissal," and (4) "whether a motion for summary judgment is pending."

Id. (quoting Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)). Unless a defendant would suffer "plain legal prejudice" from the dismissal, a motion to dismiss brought under Rule 21 typically "should be granted." Wilkerson v. Brakebill, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *3 (E.D. Tenn. Jan. 30, 2017) (quoting Arnold, 2015 WL 1131767, at *4) (internal quotation marks omitted).

Factors two and four may support some finding of prejudice. As for the second factor, it is unclear why Plaintiff waited until April 3, 2025 to file her Motion, or indeed why she added this claim and sought administrative review at the same time. According to Defendant, Plaintiff long knew she had been pursuing two remedies, for she filed her Civil Service appeal on September 17, 2024 and received notice of the May 13, 2025 hearing date on February 28, 2025. (ECF No. 112 at PageID 1700.) However, because the City is the defendant here and is presumably in a similar position in the administrative hearing, the Court assumes Defendant has also known of the administrative appeal, including the hearing, for some time. Nonetheless, Plaintiff filed her Motion after nearly a year of litigation and after the close of discovery. As to the fourth factor, although Plaintiff technically moved to dismiss her claim before either party

3

filed motions for summary judgment, this Motion was filed only one day before the dispositive motion deadline.

This mild amount of prejudice is outweighed by the third and first factors, both of which heavily favor Plaintiff's position. As for the third, Plaintiff seeks to dismiss her FMLA retaliatory discharge claim for good reason—the claim is being litigated in the administrative process and she cannot obtain double recovery. (ECF No. 94 at PageID 577.)

Going back to the first factor, the fact that Defendant has prepared for the claim in this litigation while also presumably preparing for the same claim for the administrative hearing reduces the prejudice. Although Defendant did draft and prepare summary judgment arguments regarding Plaintiff's FMLA retaliatory discharge claim in this matter, the time spent does not support a finding of unfair prejudice. See Wilkerson, 2017 WL 401212, at *3 (noting that "[t]ime and expenses expended by defendants will not go wasted" and granting plaintiffs' motion to voluntarily dismiss a claim without prejudice under Rule 21). Moreover, she also argues that Defendant will now "only have to defend against a single claim (FMLA interference) as opposed to multiple claims (FMLA Interference and FMLA Retaliation)," which reduces any legal prejudice. (ECF No. 94 at PageID 579.)

This case is thus distinguishable from the cases Defendant relies on in its Response. Those cases address dismissals under Rule 41, the rule governing dismissal of actions, not Rule 21, applicable to dismissal of a single claim, as is the case here. (See ECF No. 112 at PageID 1701–03.) While the factors to evaluate under the two rules are similar, the impact of the inquiry is different. See Wilkerson, 2017 WL 401212, at *2 (internal citations omitted). Specifically, withdrawing a single claim can minimize the prejudicial impact a defendant would face. See id. (citing Crozin v. Crown Appraisal Grp., Inc., No. 2:10-CV-581, 2012 WL 139219, at *2 (S.D.

4

Ohio Jan. 18, 2012)).  As one judge in the Southern District of Ohio wrote, "[t]his is a significant distinction, as the prejudice inquiry under Rule 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action."  Crozin, 2012 WL 139219, at *2 (internal citation omitted).  Here, despite any surprise from the Motion, Defendant's work on the claim Plaintiff seeks to dismiss is presumably the same or similar to the work done for the administrative appeal, and thus little work is wasted.

## CONCLUSION

For these reasons, the Motion is **GRANTED**.  Plaintiff's FMLA retaliatory discharge claim is **DISMISSED WITHOUT PREJUDICE**.  Her outstanding claim for FMLA interference remains.

**IT IS SO ORDERED,** this 19th day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
