IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DELISIA DEGRAFFREED, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-02230-SHL-atc |
| CITY OF MEMPHIS, | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF DELISIA DEGRAFFREED'S MOTION AND MEMORANDUM OF LAW TO STRIKE THE SWORN DECLARATION FROM THE STANDARD AND DENYING DEFENDANT CITY OF MEMPHIS' MOTION TO STAY SUMMARY JUDGMENT, RESET THE TRIAL DATE, AND REOPEN DISCOVERY**

Before the Court are two motions. The first is Plaintiff Delisia Degraffreed's Motion and Memorandum of Law to Strike the Sworn Declaration from the Standard (ECF No. 111), filed April 15, 2025. In her Motion, Plaintiff argues that, pursuant to Rule 37(d), the declaration from the Standard, Defendant City of Memphis' former third-party administrator for processing Family and Medical Leave Act of 1993 ("FMLA") and Americans with Disability Act ("ADA") claims, should not be considered in the Court's evaluation of the City's Motion for Summary Judgment. The City responded on April 25, 2025. (ECF No. 113.) The second is Defendant's Motion to Stay Summary Judgment, Reset the Trial Date, and Reopen Discovery, filed April 28, 2025. (ECF No. 116.) The City seeks to reopen discovery to re-depose Degraffreed based on the Standard's production of documents to Plaintiff and the late received other material from the Standard. (Id. at PageID 1799.) Plaintiff responded on May 12, 2025. (ECF No. 123.)[1]

---

[1] Defendant sought to file a reply brief in a mistitled motion. (ECF No. 124.) The reply sought to be filed exceeded the page limit allowed under the local rules, see L.R. 7.2(e), and contains an admission that the City had documents relevant to this matter that they were

Because the Motions raise related questions, they are being considered together. For the reasons discussed below, Plaintiff's Motion to Strike[2] is **GRANTED** and Defendant's Motion to Stay is **DENIED**.

## BACKGROUND

This lawsuit involves allegations of interference under the FMLA. (ECF No. 57.)[3] The Standard was Defendant's third-party benefits vendor who processed FMLA and ADA claims from October 1, 2019 through December 31, 2023. (ECF No. 113 at PageID 1714–15.) Both parties attempted to obtain relevant documents from the Standard during the discovery period, but with only limited success. These documents would presumably be helpful in proving, or disproving, a key aspect of Plaintiff's proof—her request for leave in 2023. (See ECF No. 99-1 at PageID 902–06.)

Defendant took Plaintiff's deposition on February 12, 2025. (ECF No. 116 at PageID 1801.) Before then, Defendant made multiple attempts to serve the Standard with subpoenas in January and in February. (Id.; see also ECF Nos. 116-1; 116-2.) However, the Standard believed that Defendant did not execute these attempts correctly. (ECF Nos. 116-1; 116-2; see also ECF Nos. 116-3 at PageID 1826 (rejecting a subpoena attempt because of "non-payment and failure to provide an extra copy of the subpoena"); 116-4 at PageID 1829 (rejecting a

---

previously unaware of. (See ECF No. 124-1.) It would like to question Plaintiff about these documents. (Id. at PageID 2501.) Because no reply is necessary here, particularly one that does not help the Court and violates the rules, the Motion is **DENIED**.

[2] The Declaration should not be actually stricken from the docket, but it will not be considered in the Court's assessment of Defendant's Motion for Summary Judgment or at the trial of this matter, if there is a trial.

[3] Plaintiff had also alleged a claim for FMLA retaliation, which the Court dismissed. (ECF No. 130.)

January subpoena for imperfect service because proper "5 digit NAIC CoCode not listed" (capitalization modified)); 116-3 at PageID 1825–26 (rejecting the February subpoena because it was not "issued and served in compliance with applicable state laws").)

Plaintiff also sought documents from the Standard about her leave. (See ECF No. 116 at PageID 1802; see also ECF No. 111-2.) She received a response on March 12 with some documents, and produced those documents to Defendant on March 19. (See ECF No. 116 at PageID 1802; see also ECF Nos. 111-2; 116-5.) The documents included notes from Plaintiff's medical records as well as letters and fax confirmations from the Standard. (ECF No. 99-5 at ¶¶ 17–21.) In a sworn declaration accompanying her summary judgment motion, Plaintiff asserts that she had never seen several of these documents before March 12, including notifications that her FMLA leave paperwork was incomplete and had to be completed by a certain deadline. (ECF Nos. 116 at PageID 1799; 99-5 at ¶¶ 18–21.)

Plaintiff also sought a Rule 30(b)(6) deposition from the Standard, serving it with a deposition subpoena for a March 31st deposition in Portland, Oregon. (ECF No. 111-3 at PageID 1675.) However, no witnesses appeared for that deposition. (ECF No. 116 at PageID 1802; see also ECF No. 111-4.) The parties filed cross motions for summary judgment on April 4. (ECF No. 116 at PageID 1802.)

Defendant made another attempt to serve the Standard with a Rule 45 document subpoena on March 24, seven days before the close of discovery on March 31. (ECF No. 116 at PageID 1802.) On April 10, after discovery had ended, Defendant received a sworn declaration from the Standard with multiple documents purported to be part of Plaintiff's FMLA file. (ECF Nos. 111 at PageID 1664; 113 at PageID 1717; 116-7; see also ECF No. 111-5 (showing declaration).) Defendant sent copies of these documents to Plaintiff. (ECF No. 113 at PageID

3

1717.) According to Defendant, the declaration did not provide substantive testimony but authenticated the documents that had been kept in the regular course of business. (Id.) Trial is currently scheduled for July 21. (ECF No. 68.)

Plaintiff relies on Rule 37(d) to seek to strike the Standard's declaration and prevent any party from using the accompanying documents in any remaining aspects of litigation. (ECF No. 111 at PageID 1665.) Defendant seeks to stay summary judgment, reset the July 21 trial date, and reopen discovery so that it can take Plaintiff's deposition regarding the Standard's documents. (ECF No. 116.) Both Motions are considered below.

## ANALYSIS

### I.     Motion to Strike

According to Plaintiff, when an organization receives a deposition subpoena and fails to appear, its sworn statement should not be allowed in the action. (ECF No. 111 at PageID 1665–66.) Defendant argues that the Standard's declaration authenticates records kept in the ordinary course of business, and striking the declaration would result in an incomplete, incorrect record. (ECF No. 113 at PageID 1717–20.)

In support of her Motion, Plaintiff relies on a rule which, on its face, is inapplicable here. Rule 37(d) permits sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Thus, for this provision to apply, the Standard must be an agent of the City. Plaintiff asserts that the Standard is Defendant's agent without elaborating on the basis for that conclusion, instead simply stating that this relationship is undisputed. (ECF No. 111 at PageID 1665.) However, Defendant does not seem to agree that there is no dispute, asserting instead that the vendor contract with the Standard ended on December 31, 2023, before the attempted deposition. (ECF No. 113 at PageID 1714–15.) Thus, despite her bald

4

proclamation, Plaintiff has not demonstrated that, at the time of the scheduled deposition, the Standard was Defendant's agent. If the Standard is not an agent of the City, then Defendant is not accountable for the administrator's failure to appear for its deposition. Without more proof, Rule 37(d) does not apply.

Plaintiff also cites multiple cases where sworn statements or affidavits were stricken after a plaintiff or a plaintiff's witnesses did not appear for a deposition. (ECF No. 111 at PageID 1665–66.) However, striking a third-party's affidavit after both parties have endeavored to obtain the relevant evidence is markedly different than a plaintiff or plaintiff's witnesses not showing up and instead offering testimony by affidavit. Plaintiff's reliance on the case law cited is not persuasive.

Despite the inapplicability of Rule 37(d) and the case law, however, the parties will not be permitted to use the documents sent by the Standard on April 10, 2025. These documents were received over a week after discovery ended and days after the parties filed summary judgment motions. Significantly, they were received *after* Plaintiff attempted to depose the Standard and obtain the documents herself and *after* multiple attempts by Defendant during discovery. Neither party has had the opportunity to properly inquire about them or respond to them. "Absent express permission from the court, parties should assume that the discovery deadline is the end of discovery." Boone v. Stieve, 642 F. Supp. 3d 597, 603 (E.D. Mich. 2022) (citing Appalachian Reg'l Healthcare, Inc. v. U.S. Nursing Corp., No. 714CV00122KKCEBA, 2017 WL 9690401, at *6 (E.D. Ky. Sept. 1, 2017)). The fact that Defendants attempted multiple times to obtain the documents during discovery but never sought help from the Court to enforce the subpoena also cuts against using the documents it obtained after the close of discovery. Plaintiff's Motion to Strike is **GRANTED**.

## II.     Motion to Stay

Defendant seeks to stay summary judgment, reset the July 21 trial date, and reopen discovery so that it can take Plaintiff's deposition again and question her about the Standard's documents. (ECF No. 116.) Defendant highlights the conflict between Plaintiff's sworn declaration attached to her summary judgment motion, in which Plaintiff asserts she did not receive notification that she needed to supplement her request for FMLA leave, and the documents received on April 10. (Id. at PageID 1800–06.) Because of the Standard's failure to produce these documents earlier, Defendant argues that the deadlines should be extended. (Id.) Plaintiff responds that Defendant fails to argue why good cause exists to re-open discovery and that the failure to ask Plaintiff about her FMLA documents during her deposition militates against altering the deadlines. (ECF No. 123.)

When assessing if there is good cause to re-open discovery, courts evaluate "(1) whether the need for additional discovery was precipitated by the movant's neglect; (2) the specificity and relevance of the additional discovery being sought; and (3) whether there is a compelling reason not to re-open discovery." West v. Jindal, No. 21-10225, 2024 WL 3278936, at *3 (E.D. Mich. July 2, 2024) (quoting Morgan v. Gandalf, Ltd., 165 Fed. App'x 425, 431 (6th Cir. 2006)) (internal quotation marks omitted). The remedy is extraordinary—and Defendant has failed to meet this high bar.

To begin, Defendant's own neglect contributed to what it describes as a need for additional discovery. Because the Standard was Defendant's third-party administrator, it is unclear as to why Defendant could not access files related to its employees. Before receiving the documents themselves in discovery, Defendant had the opportunity to press Plaintiff on what, if any, documents she received relating to FMLA when taking her deposition. Moreover, it

6

appears that the City's subpoenas were rejected because of its errors in issuing those subpoenas. And when Defendant encountered those obstacles attempting to serve the subpoenas, it did not turn to the Court to pursue options. Even so, Defendant could have sought to take Plaintiff's deposition again after she produced documents from the Standard on March 19, but did not do so.

Regarding the third factor, Defendant's reason for reopening discovery—that it wants to question Plaintiff about documents it should have had or been able to get well before the close of discovery—is not compelling. Defendant could have corrected its errors and taken proactive steps to obtain the documents from the Standard earlier in the discovery process. However, as discussed earlier, it did not do so. Despite Defendant's arguments to the contrary, it has been dilatory throughout this process. This inaction does not warrant re-opening discovery.

Although the sought-after evidence—an opportunity to rebut Plaintiff's declaration that she had not previously seen documents before the Standard sent them on March 12—is relevant and specific, the second factor is outweighed by the other two.

Because discovery will not be reopened, it is further inappropriate to reopen the summary judgment briefing process and reschedule the trial date.

## CONCLUSION

For these reasons, Plaintiff's Motion to Strike is **GRANTED** and Defendant's Motion to Stay is **DENIED**. The declaration from the Standard and accompanying documents will not be considered for summary judgment purposes and may not be used at trial. All deadlines will remain the same, and the trial date will not change.

7

**IT IS SO ORDERED,** this 3rd day of June, 2025.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE